FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 3 2005

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY HOGGARD, II,
ADC #100526                                                         PLAINTIFF

v.                              5:05CV00110HDY

SGT. MILDRED DALE                                                   DEFENDANT

PROPOSED FINDINGS & RECOMMENDATION

This matter is before the Court on plaintiff's motion for an emergency temporary restraining order (DE #3) which this Court construes as a motion for preliminary injunctive relief. Defendants have filed a response to the motion (DE #10).

The standard in this circuit for reviewing a motion for a preliminary injunction was established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration...[t]he courts should not get involved

1

>unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging a First Amendment violation by defendant with respect to the confiscation of his personal photographs, which is also the subject of the current motion. In his motion, plaintiff asks the Court to prevent the ADC from destroying 424 personal photographs which were confiscated from his cell by defendant pursuant to an ADC policy. Plaintiff alleges that this confiscation is a violation of the law set forth in Davis v. Norris, 249 F.3d 800 (8th Cir. 2001).

In response, defendant states that upon his arrival at the ADC in February, 2001, plaintiff was informed about the ADC policy with respect to personal items and belongings. This policy, Administrative Directive (AD) 97.17 II.D.4.d, permits each inmate to possess five personal photographs in his cell. In addition, on January 15, 2002, Warden M.D. Reed issued a Memorandum which was posted in all barracks and cell blocks of the ADC, informing the inmates of the policies and procedures with respect to personal photographs and jewelry, and providing them a thirty-day period in which to become compliant. The Memorandum further provided, "If after this thirty day deadline you are found in violation with this memo, the items will be confiscated as contraband and destroyed in accordance with policy and you will receive a disciplinary action." Attachment to DE #10. Finally, defendant states that plaintiff was provided more than a reasonable period of time in which to make arrangements about his personal belongings and his failure to do so resulted in the confiscation of those belongings.

The Court finds that plaintiff's motion should be denied. The policy at issue provides that an inmate may arrange to have any excess items picked up by friends or family members, in order to avoid the result of which plaintiff now complains, that is, the destruction of his property. See

2

9717.II.F.2. In addition, plaintiff does not allege that he did not receive adequate notice of the policy, or that defendant did not provide him with adequate opportunity to make other arrangements for the disposition of his property. Rather, plaintiff is attacking the policy itself, based on Davis v. Norris, supra. However, the case cited by plaintiff was an affirmance of the district court's denial of defendants' summary judgment motion based on qualified immunity, finding that a genuine issue of fact existed concerning whether the policy was reasonably related to defendant's interest in security. Upon remand, and following a Court trial, United States Magistrate Judge Henry L. Jones, Jr., found that the five-photograph policy at issue in both that case and the present case, did not violate the inmate's First Amendment right. Davis v. Norris, 5:98cv115HLJ, March 13, 2003 Memorandum and Order. Judge Jones' decision was later affirmed on appeal. Davis v. Norris, No. 03-1942, (8th Cir. January 22, 2004).

Therefore, in light of defendant's response to plaintiff's motion, the Dataphase considerations, and the standard set forth in Goff, supra, the Court finds that plaintiff has not alleged sufficient facts to require a hearing under the Dataphase factors, and that his motion should be denied. Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for emergency temporary restraining order, which this Court construed as a motion for a preliminary injunction (DE #3), be DENIED.

IT IS SO RECOMMENDED this 23 day of May, 2005.

_____
United States Magistrate Judge