IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY HOGGARD II,
ADC #100526                                                                              PLAINTIFF

v.                                        5:05CV00110HDY

MILDRED DALE                                                                             DEFENDANT

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on the defendant's motion to dismiss, or in the alternative, for summary judgment (DE #17). Plaintiff has filed a response in opposition to the motion, together with affidavits (DE #22).

Plaintiff is an inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action against defendant pursuant to 42 U.S.C. § 1983, alleging a violation of his First Amendment right to freedom of speech following the confiscation of personal photographs from his possession. Plaintiff asks for return of the pictures and discipline of defendant.

According to plaintiff's complaint, on March 28, 2005, defendant Dale confiscated 424 personal photographs from his cell and charged him with a violation of prison policy which limits to five, the number of personal photographs in the possession of an inmate. Plaintiff states that defendant confiscated his photographs and placed them in the property room where they awaited destruction, and refused to permit plaintiff to mail the photographs to relatives. Plaintiff also states that defendant knowingly violated his Constitutional rights and a Court Order, and abused her discretion. Plaintiff relies on the case of <u>Davis v. Norris</u>, 249 F.3d 800 (8th Cir. 2001), stating that

the Court in that case held that the ADC photograph policy was unconstitutional.

## II. Summary Judgment Motion

A. Defendant's Motion

In support of her motion, defendant states that plaintiff fails to state a claim upon which relief may be granted, because the ADC policy has been upheld by the Court in <u>Davis v. Norris</u>. Furthermore, defendant states that a suit against her in her official capacity is the same as one against the state, and that pursuant to the Eleventh Amendment, plaintiff can not maintain a suit against the state. Finally, defendant states that she is protected from liability by qualified immunity.

B. Plaintiff's Response

In response, plaintiff states that defendant violated his free speech rights as set forth in <u>Turner v. Safley</u>, 107 S.Ct. 2254, and that the ADC policy wrongfully deprives inmates of photographs from loved ones. Plaintiff again relies on the <u>Davis</u> case, <u>supra</u>, for the proposition that the photograph policy is unconstitutional, and provides affidavits of fellow inmates concerning the photograph policy.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See <u>Dulaney v. Carnahan</u>, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

As this Court noted in its previous Order denying plaintiff's motion for preliminary injunctive relief (DE #13), the opinion relied upon by plaintiff in Davis v. Norris, 249 F.3d 800 (8th Cir. 2001), was not the final opinion of that case, and rather, was an opinion affirming this Court's denial of defendants' motion for summary judgment prior to trial. In that case, the appellate court stated that a genuine issue of fact existed concerning whether the ADC policy was reasonably related to its interest in security. Upon remand to this Court, and following a bench trial, United States Magistrate Judge Henry L. Jones, Jr., held that the five-photograph policy at issue did not violate the plaintiff's First Amendment right. See Davis v. Norris, 5:98cv00115, March 13, 2003 Memorandum and Order and Judgment. That decision was later affirmed on appeal. Davis v. Norris, No. 03-1942 (8th Cir. January 22, 2004) (unpublished).

Therefore, plaintiff's reliance on the earlier opinion in Davis is misplaced. In its opinion following the trial, the Court in Davis balanced the plaintiff's First Amendment rights with the State's interests in prison safety and security, as set forth in Turner v. Safley, 482 U.S. 78 (1987). The Court concluded that defendants' interests outweighed those of the plaintiff's and held that the policy did not violate the plaintiff's Constitutional rights.

The same policy and the same allegations challenging that policy are at issue in this case.

3

Plaintiff does not deny that he violated the policy, nor does he claim ignorance of it. Defendants state in their motion, and plaintiff does not deny, that plaintiff has been in and out of the ADC since 1993, and has been incarcerated at the Cummins Unit since 2001. In addition, in the "Staff's Response" to plaintiff's Informal Grievance, dated April 6, 2005 (DE #17, Ex. D), the staff member who met with plaintiff wrote that plaintiff admitted he knew the number of photographs in his possession was against ADC policy. The photograph policy at issue, AD 97:17, specifically provides that it is the inmate's responsibility to maintain only five photographs, by mailing excess to relatives or destroying excess. DE #17, Ex. A. It also states that upon confiscation of excess property, the property will be destroyed. In addition, a Memo concerning this policy was posted by the Warden of the Unit on January 15, 2002, stating that "items (found in violation of the policy) will be confiscated as contraband and destroyed in accordance with policy" and "[i]t will be the responsibility of the inmate to make sure he has no more than five (5) pictures in his possession at any given time." DE #17, Ex. B. Therefore, this Court finds that plaintiff's allegation that defendant violated his Constitutional rights fails to state a claim, in that the policy was upheld previously by both this Court and the Eighth Circuit Court of Appeals. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss, or in the alternative, for summary judgment (DE #17), is hereby GRANTED and plaintiff's complaint against defendant is DISMISSED with prejudice.[1]

---

[1] This dismissal is considered as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this ___12___ day of _____July_____, 2005.

_____/s/ H. Daniel Young_____
United States Magistrate Judge